1

2

3

4                                                    **E-FILED on** ___11/1/05___

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11

12   JAMES ALLEN SMITH, JIMMY DALE          No. C-05-03706 RMW
     YOUNG, and THOMAS DON FORD,
13                                          ORDER GRANTING DEFENDANTS'
                Plaintiffs,                 MOTIONS TO DISMISS
14
15         v.
                                            **[Re Docket Nos. 9, 11, 13, 15, 16]**
16   NORCAL WASTE SYSTEMS OF SAN JOSE,
     INC.; SANITARY TRUCK DRIVERS AND
17   HELPERS UNION , LOCAL 350; and DOES
     ONE THROUGH FIFTY,
18
                Defendants.
19

20        Defendants Norcal Waste Systems of San Jose, Inc. and Sanitary Truck Drivers and Helpers

21   Union, Local 350 move for an order dismissing all claims of the plaintiffs under Rule[1] 12(b).  For the

22   reasons stated below, the court grants the defendants' motions.

23                                  **I.  BACKGROUND**

24        The following facts are taken from the complaint and are accepted as true (as they must be) for the

25   purposes of the defendants' motions to dismiss:  Plaintiffs previously worked for Browning Ferris Industries

26   ("BFI"), a waste management company, and were not members of Sanitary Truck Drivers and Helpers

27

28   ─────────────────────
              [1]       All references to a "Rule" are to a Federal Rule of Civil Procedure.

1   Union, Local 350 ("the union").  Norcal Waste Systems of San Jose, Inc., ("Norcal") told plaintiffs that if

2   they would leave BFI and come work for Norcal, plaintiffs would retain their seniority and have

3   employment for as long as Norcal had a municipal contract to haul yard waste in and sweep the streets of

4   San José, California.  Plaintiffs accepted this offer, joined the union, and trained Norcal employees to do

5   the work that plaintiffs had done for BFI.  Norcal eventually placed plaintiffs on "on call" status, meaning

6   that the plaintiffs did not have steady work with Norcal but instead had to call in each day and inquire if

7   there was work for them that day.

8       The plaintiffs filed a four-count complaint in the Santa Clara County Superior Court against Norcal

9   and their union, alleging claims for *de facto* termination in violation of public policy, fraudulent inducement

10  to change employment, and breach of contract.  The defendants removed the case to federal court and

11  move to dismiss all the claims under Rule 12(b).

12                              **II.  ANALYSIS**

13  **A.  Jurisdiction**

14      The Supreme Court has commanded that "when resolution of a state-law claim is substantially

15  dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that

16  claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law."

17  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citation omitted).  Although a plaintiff

18  is generally the master of his complaint and can avoid federal jurisdiction by limiting himself to state-law

19  theories of recovery, claims under § 301 of the National Labor Relations Act ("NLRA") so completely

20  preempt state law that a claim cognizable under § 301 will be treated as a federal cause of action, even if

21  pleaded in entirely state-law terms.  *See generally* Charles Alan Wright, Mary Kay Kane, *Law of Federal*

22  *Courts* § 38 (6th ed. 2002).  In their complaint, plaintiffs did not identify the law upon which they based

23  their claims, but their claims appear to be based on state-law causes of action.  In their notice of removal,

24  defendants asserted that plaintiffs' claims were essentially claims within the ambit of the NLRA, 29 U.S.C.

25  §§ 141–187, and that this court therefore had jurisdiction pursuant to 28 U.S.C. § 1331.

26      The burden of pleading and proving federal jurisdiction is on the party seeking to invoke federal

27  jurisdiction.  *Sissoko v. Rocha*, 412 F.3d 1021, 1035 (9th Cir. 2005).  In support of its assertion that

28  federal jurisdiction exists over the present dispute, Norcal offers a copy of the collective bargaining

1  agreement between itself and the union.  Decl. of John Nicoletti, Ex. A.  The Ninth Circuit has instructed

2  that "a district judge may generally consider a document outside the complaint when deciding a motion to

3  dismiss if the complaint specifically refers to the document and if its authenticity is not questioned."

4  *Inlandboatmens Union of Pacific v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2002).  Additionally,

5  "a district court is free to hear evidence regarding jurisdiction and to resolve factual disputes in determining

6  whether it has jurisdiction over a claim."  *Id.*; *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d

7  993, 997 (9th Cir. 1987) (noting that although complaint did not mention collective bargaining agreement,

8  district court "properly looked beyond the face of the complaint to determine whether the contract claim

9  was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid

10  federal jurisdiction").  Plaintiffs acknowledge the existence of a collective bargaining agreement that covers

11  their employment with Norcal.  Pls.' Reply at 2.  Since the existence of the collective bargaining agreement

12  is central to the existence of federal jurisdiction over this case, and the plaintiffs do not challenge its

13  authenticity, the court will consider it.

14  For this court to have jurisdiction over this action, at least one of the plaintiffs' causes of action must

15  be preempted by the NLRA.  Defendants argue that all four causes of action are preempted, and the

16  plaintiffs do not deny that three are.  Nonetheless, since federal jurisdiction cannot be conferred by consent,

17  waiver, or estoppel, this court must satisfy itself that jurisdiction exists.  *See Richardson v. U.S.*, 943 F.2d

18  1107, 1113 (9th Cir. 1991).

19  Article 21 of the parties' collective bargaining agreement outlines the grievance and arbitration

20  procedure.  The scope of this arbitration clause is not as clearly defined as it could be, stating that it covers

21  all "condition[s] that exists as a result of an unsatisfactory adjustment or failure to adjust a claim or dispute

22  by an employee or employees, the steward or union representative concerning rates of pay, hours of

23  working conditions set forth herein, or the interpretation or application of this Agreement."  Perhaps the first

24  *of* was supposed to be an *or*.[2]  In any case, the agreement seems to indicate that disputes regarding "hours"

25  are to be arbitrated, and plaintiffs' complaint stems from a reduction in the number of hours of work

---

[2]  Norcal appears to agree.  On page 2 of its motion to dismiss, Norcal reproduces this phrase as "*concerning* rates of pay, *hours [or]* working conditions," (emphasis and alteration in original).

1    available to them.  At least part of the plaintiffs' complaint is therefore covered by the collective bargaining

2    agreement, and at least one of their state-law claims is therefore preempted by the NLRA.

3         This court therefore has jurisdiction over the preempted claims pursuant to 28 U.S.C. § 1331.  All

4    claims arise from a common nucleus of operative fact—Norcal's alleged downgrading of the plaintiffs to "on

5    call" status—so this court has jurisdiction over unpreempted claims, if any, pursuant to 28 U.S.C. § 1367.

6    **B. Preemption**

7         Norcal moves to dismiss the plaintiffs' entire complaint under Rule 12(b);[3] the union moves under

8    Rule 12(b)(6).  The plaintiffs, as noted above, do not oppose the motions as to the second, third, and

9    fourth causes of action, which are captioned as fraudulent inducement to change employment, breach of

10   employment contract, and breach of union contract, respectively.  The motions to dismiss are therefore

11   granted as to the second, third, and fourth causes of action.

12        This leaves only the plaintiffs' first cause of action, for *de facto* termination in violation of public

13   policy.  This cause of action contains a fairly straightforward allegation of wrongful termination and appears

14   to be a directed only against Norcal.  The union is not mentioned in the cause of action as pled.  This would

15   leave Norcal as the sole defendant, though the union, perhaps out of an abundance of caution, has joined

16   Norcal in arguing for dismissal.  In opposing the motions to dismiss this cause of action, the plaintiffs refer to

17   "Defendants' false statements" and claim they "were exploited by Defendants."  The court will therefore

18   consider the union's arguments for dismissal of this cause of action.

19        Defendants claim this cause of action is preempted by § 301 and should be dismissed.  If, on the

20   other hand, it is a state-law cause of action entirely separate from and not preempted by § 301 (as plaintiffs

21   claim), the court has discretion to remand the action to the superior court.  *See* 28 U.S.C. § 1367(c)(3).

22        The Ninth Circuit's decision in *Young* controls the disposition of the present case.  In *Young*, the

23   plaintiff alleged that she had been lured back to work at defendant's restaurant with a false oral promise that

24   she could be discharged only for cause, then fired in violation of this promise.  830 F.2d at 996.  The

25   plaintiff, Young, argued that the oral promise gave her an employment agreement independent of the

---

26        [3]    It is unclear if Norcal seeks dismissal under Rule 12(b)(6) or "an unenumerated Rule 12(b)
27   motion," *see Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003), based on the plaintiffs' failure to
     adhere to the collective bargaining agreement.  While greater specificity would clarify Norcal's motion,
28   "[n]o technical forms of pleading or motions are required," FRCivP 8(e)(1), so the court will consider
     Norcal's arguments.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS—No. C-05-03706 RMW
JAH                                                4

1  collective bargaining agreement ("CBA") that covered the restaurant's waitstaff. *Id*. at 997. The Ninth

2  Circuit rejected this argument, stating

3      The subject matter of [the plaintiff's] contract, however, is a job position covered by the
        CBA. Because any independent agreement of employment concerning that job position

4      could be effective only as part of the collective bargaining agreement, the CBA controls and
        the contract claim is preempted. By way of contrast, a breach of contract claim concerning

5      a job not governed by a collective agreement could be effective independent of the
        agreement and is therefore not completely preempted. Young's individual contract claim is

6      thus effectively a claim for breach of the CBA.

7  *Id*. at 997-98 (internal quotation marks, brackets, and citations omitted). The plaintiffs here can likewise

8  have no contract independent of the collective bargaining agreement, and any claims based on promises

9  made to induce the plaintiffs to switch employers must be brought under § 301.

10     The Ninth Circuit in *Young* further held that the plaintiff's fraud and misrepresentation claims were

11  preempted by § 301:

12         Young urges that her state tort claims for fraud and negligent misrepresentation do
        not arise from interpretation of the CBA, but rather from oral representations made in

13      connection with her reinstatement. She alleges that [the defendant] falsely represented that
        she could be discharged only for good cause. As in *Allis-Chalmers,* however, determining

14      Young's misrepresentation claims would require interpretation of the collective agreement.
        In order to prove misrepresentation, Young would be required to show that the terms of

15      the CBA differed significantly from the terms of the individual contract. As resolution of her
        misrepresentation claims would substantially depend on interpretation of the terms of the

16      CBA, the claims are preempted.

17  *Id.* at 1001. To the extent the plaintiffs' first cause of action is based on fraud or misrepresentation, it is

18  preempted since it would require the court to consider the collective bargaining agreement.

19     The Ninth Circuit did allow for the possibility that a claim based on wrongful termination in violation

20  of public policy would not be preempted by § 301, stating that "a claim is not preempted if it poses no

21  significant threat to the collective bargaining process and furthers a state interest in protecting the public

22  transcending the employment relationship." *Id.* The court gave examples of claims that would not be

23  preempted (those based on state statutes to protect whistleblowers or worker health and safety) and claims

24  that would (those based on "state registration statute" or "public policy against harassment on the job"). *Id.*

25  at 1002. The court in *Young* then held the plaintiff's wrongful termination in violation of public policy claim

26  preempted because she could not "identify any state statute or other relevant public policy of California"

27  that gave her a protectable interest "transcending the employment relationship." *Id.*

28

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS—No. C-05-03706 RMW
JAH                                                5

1    Here, the plaintiffs argue that California has a public interest, indicated by Labor Code § 970, in

2   protecting employees from fraud.  Section 970 prohibits an employer from making false representations to

3   induce a worker to "change from one place to another," either from one place to another inside California

4   or an interstate move with one endpoint in California.[4]   The plaintiffs' complaint states that BFI and then

5   Norcal held the sanitation contract with the City of San José, so there would have been no reason for

6   plaintiffs to change residences when they changed employers from BFI to Norcal.  Labor Code § 970 thus

7   does not provide plaintiffs with an interest here.

8    Plaintiffs argue that the alleged fraudulent inducement to change employers provides a protectable

9   interest "analogous to" that provided by Labor Code § 970.  This, however, would return plaintiffs to a

10   fraud cause of action of the sort which the *Young* court held preempted by § 301.  *See* 830 F.2d at 1001.

11    Plaintiffs also argue that *Hunter v. Up-Right, Inc*., 6 Cal. 4th 1174 (1993), sets forth the public

12   policy of California which prohibits employers from "induc[ing] individuals to leave their employment for

13   employment which is less permanent than represented." Pls.' Opp'n at 3.  The court does not doubt that

14   the public policy of California is to prevent such fraudulent misrepresentations by employers.  The issue,

15   however, is not whether the plaintiffs can identify any state interest, but rather one which "transcend[s] the

16   employment relationship" and thus takes the plaintiffs claims outside the scope of the collective bargaining

17   agreement.  *See Young*, 830 F.2d at 1002.  Duration of employment is a matter covered by the collective

18   bargaining agreement, and the plaintiffs' cause of action for discharge in violation of public policy is thus

19   preempted by § 301.

20   **C.  Statute of limitations and exhaustion of administrative remedies**

21   _____

22    [4]    That section provides in full:

23   § 970. Misrepresentations
       No person, or agent or officer thereof, directly or indirectly, shall influence,
24   persuade, or engage any person to change from one place to another in this State or from
     any place outside to any place within the State, or from any place within the State to any
25   place outside, for the purpose of working in any branch of labor, through or by means of
     knowingly false representations, whether spoken, written, or advertised in printed form,
26   concerning either:
       (a) The kind, character, or existence of such work;
27       (b) The length of time such work will last, or the compensation therefor;
       (c) The sanitary or housing conditions relating to or surrounding the work;
28       (d) The existence or nonexistence of any strike, lockout, or other labor dispute
     affecting it and pending between the proposed employer and the persons then or last
     engaged in the performance of the labor for which the employee is sought.

1    The defendants argue that plaintiffs' first cause of action must be dismissed because the plaintiffs did

2    not adhere to the grievance procedure in the collective bargaining agreement and because the statute of

3    limitations has run on any § 301 claim plaintiffs may have had.  According to the complaint, Norcal put the

4    plaintiffs on "on call" status "on or about November 6, 2003."  Compl. ¶ 13.  The plaintiffs filed their

5    complaint on August 10, 2005, some twenty months later.

6    Norcal argues that plaintiffs' complaint is barred by either the statute of limitations or by the

7    plaintiffs' failure to use the grievance procedure laid out in the collective bargaining agreement.  The court

8    agrees that one of these conclusions is inevitable.  If the plaintiffs' failure to submit their grievance to the

9    arbitration procedure is not somehow excused, *Young* mandates dismissal.  If the plaintiffs' failure to

10   arbitrate is excused, as they claim in their opposition, by the union telling the plaintiffs that there was nothing

11   it could do for them, *see* Pls.' Opp'n at 4, the six-month statute of limitation on such a suit has run.

12   The Supreme Court has held that the failure to exhaust contractual remedies under a collective

13   bargaining agreement is excusable if "the union representing the employee in the grievance/arbitration

14   procedures . . . breach[es] its duty of fair representation."  *DelCostello v. Int'l Bhd. of Teamsters*, 462

15   U.S. 151, 164 (1983).  In such a case, though, the Court held that the statute of limitations was six months.

16   *Id.* at 155.  The plaintiffs' § 301 cause of action was thus filed fourteen months too late, or is barred by

17   *Young*.  Either way, it must be dismissed.

18                                    **III.  ORDER**

19   For the forgoing reasons, defendants' motions to dismiss are granted as to all causes of action.

20   While the court questions whether the plaintiffs can allege a viable claim, the court nevertheless grants

21   plaintiffs thirty days' leave to file an amended complaint.

22

23

24   DATED:     10/31/05                          /s/ Ronald M. Whyte
                                                  RONALD M. WHYTE
25                                                United States District Judge

26

27

28

1    **Notice of this document has been electronically sent to:**

2    **Counsel for Plaintiffs:**

3    Lyle W. Johnson
     Jeffrey E. Elliott
4
     **Counsel for Defendants:**
5
6    Zach Hutton              zhutton@cdhklaw.com
     Stephen J. Hirschfeld
     Duane B. Beeson          dbeeson@beesontayer.com
7

8    Counsel are responsible for distributing copies of this document to co-counsel that have not registered for
     e-filing under the court's CM/ECF program.
9

10

11
     **Dated:**          11/1/05                              /s/ JH
12                                                    **Chambers of Judge Whyte**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS—No. C-05-03706 RMW
JAH                                            8