**E-FILED on** __3/7/2006__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES ALLEN SMITH, JIMMY DALE YOUNG, and THOMAS DON FORD,<br><br>Plaintiffs,<br><br>v.<br><br>NORCAL WASTE SYSTEMS OF SAN JOSE, INC.; SANITARY TRUCK DRIVERS AND HELPERS UNION , LOCAL 350; and DOES ONE THROUGH FIFTY,<br><br>Defendants. | No. C-05-03706 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT<br><br>[Re Docket Nos. 22, 23] |

Defendants Norcal Waste Systems of San Jose, Inc. and Sanitary Truck Drivers and Helpers Union, Local 350 move for an order dismissing all claims of the plaintiffs under Federal Rule of Civil Procedure 12(b) and 12(b)(6). For the reasons stated below, the court grants the defendants' motions.

**I. BACKGROUND**

The following facts are taken from the complaint and are accepted as true (as they must be) for the purposes of the defendants' motions to dismiss. Plaintiffs previously worked for Browning Ferris Industries ("BFI"), a waste management company, and were not members of Sanitary Truck Drives and Helpers Union, Local 350 ("the Union"). Norcal Waste Systems of San Jose, Inc.,

1  ("Norcal") told plaintiffs that if they would leave BFI and come work for Norcal, plaintiffs would
2  retain their seniority and have employment for as long as Norcal had a municipal contract to haul
3  yard waste in and sweep the streets of San José, California.  Plaintiffs accepted this offer, joined the
4  Union, and trained Norcal employees to do the work that plaintiffs had done for BFI.  Norcal
5  eventually placed plaintiffs on "on call" status, meaning that the plaintiffs did not have steady work
6  with Norcal but instead had to call in each day and inquire if there was work for them that day.

7  The plaintiffs' initial complaint was filed in Santa Clara County Superior Court against
8  Norcal and the Union, alleging claims for *de facto* termination in violation of public policy,
9  fraudulent inducement to change employment, and breach of contract.  The defendants removed the
10 case to federal court and moved to dismiss all the claims.  This court issued an order on November
11 1, 2005 ("Order") granting defendants' motion to dismiss with respect to all claims and, while
12 expressing doubt as to plaintiffs' ability to ultimately state a viable claim, gave plaintiffs 30 days'
13 leave in which to amend.  Order at 7.

14 Plaintiffs have since filed a first amended complaint ("FAC") in which they reassert each of
15 their four original claims against defendants, and the defendants have again moved to dismiss all the
16 claims under Rule 12(b) and 12(b)(6).

17 **II. ANALYSIS**

18 **A.  Jurisdiction**

19 Defendants contend, as they did in response to plaintiffs' initial complaint, that all four
20 causes of action alleged by plaintiffs are completely preempted by section 301 of the Labor
21 Management Relations Act ("LMRA") and therefore fall within this court's original jurisdiction.
22 Plaintiffs do not dispute this assertion; however, their claims still appear to be framed in terms of
23 state law.  This court must therefore take care to ensure that the exercise of jurisdiction over
24 plaintiffs' claims is nonetheless proper.  This court has already held, with respect to plaintiffs' initial
25 complaint, that all four causes of action were indeed preempted by section 301.  Order at 4:10-11;
26 6:17-19.  This court must decide whether plaintiffs have pled this time anything in their FAC which
27 compels a different conclusion.
28

Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Suits claiming a breach of a collective bargaining agreement ("CBA") are governed by section 301, which displaces any state claim based on a CBA, as well as any state claim whose outcome depends on the interpretation of the terms of a CBA. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987); *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1998); *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 237 (9th Cir. 1990). A state claim is also preempted by section 301 where it does not specifically refer to a CBA but is nonetheless "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

### 1. De Facto *Termination in Violation of Public Policy*

In considering plaintiffs' original complaint, this court found that plaintiffs' first cause of action—for *de facto* termination in violation of public policy—was preempted by section 301. Relying on *Young*, this court held in its first order that "to the extent the plaintiffs' first cause of action is based on fraud or misrepresentation, it is preempted since it would require the court to consider the collective bargaining agreement." Order at 5:17-18. The court, however, noted that *Young* allows a narrow exception to the general preemption rule in cases where a claim for wrongful termination presents a protectable interest which "transcend[s] the employment relationship." Order at 5:26-27 (quoting *Young*, 830 F.2d at 1002).

Plaintiffs' FAC offers nothing, however, which would imply such an interest. Instead, plaintiffs have simply made more specific allegations about the promises Norcal made to plaintiffs with respect to the hours they would be given and have alleged that such promises were made in bad faith pursuant to a conspiracy between the Union and Norcal. *See* FAC ¶¶ 7, 8, 10-12, 17. Plaintiffs' amendments do not imply a protectable interest that transcends the employment relationship and do nothing to alter the conclusion that their allegations implicate provisions of the CBA. *See*, *e.g.*, CBA, arts. 8, 18. There is therefore no reason for this court to disturb its finding that plaintiffs' claim for *de facto* termination in violation of public policy is preempted by section 301.

1    *2. Fraudulent Inducement to Change Employment*

2    Plaintiffs' second cause of action alleges, in essence, that Norcal guaranteed them a certain
3    level of seniority if they left their previous employer to work for Norcal and that, furthermore,
4    Norcal made these promises with the knowledge and intention of ultimately altering plaintiffs'
5    seniority status once they had joined Norcal's employ.  FAC ¶¶ 16-26.  Analysis of this cause of
6    action is "substantially dependent" on the provisions in the CBA concerning "Seniority and
7    Assignment of Work" and is therefore preempted by section 301.  *See* CBA, art. 8.

8    *3. Breach of Employment Contract*

9    Plaintiffs further allege that they were third-party beneficiaries of a contractual agreement
10   between the City of San José and defendant Norcal.  FAC ¶¶ 27-30.  Analysis of this claim is
11   "substantially dependent" on CBA provisions concerning "Classification and Wage Rates," *see*
12   CBA, art. 5, and is therefore preempted by section 301.

13   *4. Breach of Union Contract*

14   This last cause of action is clearly preempted by section 301, as it claims a breach of the
15   CBA itself.  Where claims are completely preempted by section 301 of the NLRA, courts must
16   decide whether to dismiss them or treat them as claims brought under section 301.  *Allis-Chalmers*
17   *Corp. v. Lueck*, 471 U.S. 202, 220-221 (1985).

18   *5. Construing Plaintiffs' Claims as Federal Claims*

19   The law of this circuit requires this court, if it is to consider plaintiffs' claims any further, to
20   construe them in a form which is cognizable under federal law.  *Fristoe v. Reynolds Metals Co.*, 615
21   F.2d 1209, 1212 (9th Cir. 1980).  Despite being given leave to amend, plaintiffs have still framed
22   their causes of action in the same state-law terms as their original complaint.  Even more puzzling is
23   the fact that plaintiffs' opposition to defendants' motions to dismiss cites only federal law and seems
24   to assume that they have pled federal claims.  Nevertheless, this court will construe plaintiffs'
25   complaint as asserting a federal claim for breach of the collective bargaining agreement ("CBA")
26   and a claim against the Union for a breach of its duty of fair representation.  *See generally*
27   *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983).  Plaintiffs furthermore appeared to
28   agree at oral argument that those were their only claims.

**B. Statute of Limitations and Exhaustion of Remedies**

In its original order, this court held that dismissal of plaintiffs' complaint was appropriate because it was "barred by either the statute of limitations or by the plaintiffs' failure to use the grievance procedure laid out in the collective bargaining agreement." Order at 7:6-7. In their amended complaint, plaintiffs have sought to cure these defects, first by claiming that they complained to the Union with respect to the changes in their employment situation, FAC ¶ 35, and furthermore asserting that this constituted "the greatest attempt to exhaust the grievance process that was permitted." Opp'n at 2:18-19. Plaintiffs then claim that the six-month statute of limitations should be tolled because, when they complained to Union officials, they were told that "there was nothing they could do," FAC ¶ 35, and because the Union "actively concealed its failure to fairly represent [them]." Opp'n at 3:8-9.

As the court noted in its original order, a failure to exhaust contractual remedies is excusable if "the union representing the employee in the grievance/arbitration procedures . . . breache[s] its duty of fair representation." Order at 7:12-14 (quoting *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 164 (1983)). This court need not, however, determine whether plaintiffs have stated a valid claim against the Union for the breach of such a duty, as their claim is, in any case, barred by the applicable six-month statute of limitations.

In a hybrid lawsuit such as this, containing an allegation a Union breached its duty of fair representation, plaintiffs are excused from the requirement of exhausting contractual remedies. *DelCostello*, 462 U.S. at 164. Hybrid claims are nonetheless subject to a six-month statute of limitations, which begins to run when an employee "knows or should know of the employer's breach of contract and the Union's breach of the Duty of Fair Representation." *Harris v. Alumax Mill Prods., Inc.*, 897 F.2d 400, 403-404 (9th Cir. 1990).

Despite the fact that the plaintiffs' FAC does not specify dates, plaintiffs do not contest that the date at which their seniority status was altered and at which they were told by the Union "that there was nothing they could do," FAC ¶ 35, was more than six months before they filed suit. With respect to defendant Norcal, the issue of when the statute of limitations began to run is relatively simple. The point at which Norcal allegedly breached the employment contract is the date on which

1  it consolidated its seniority lists. According to plaintiffs' FAC, this occurred on or about November
2  6, 2003. FAC ¶ 18. The statute of limitations therefore would normally have expired on or about
3  May 6, 2004.

4  As for defendant Union, the situation is slightly less clear. Plaintiffs do not offer any
5  information as to when they complained to the Union. Plaintiffs presumably complained to the
6  Union and were told that there was "nothing they could do" either in November 2003, when the lists
7  were consolidated, or soon thereafter. Because nearly twenty-one months elapsed between the
8  consolidation of the lists and the initial filing of plaintiffs' cause of action on August 10, 2005, exact
9  dates are not needed to conclude that, in the absence of circumstances which warrant equitable
10 tolling, the statute of limitations for a claim against the Union for a breach its duty of fair
11 representation had long since run when plaintiffs initiated suit. As mentioned above, plaintiffs do
12 not dispute they were told this more than six months before they filed.

13 Plaintiffs have asserted that the statute of limitations should be subject to tolling, at least with
14 respect to the claim for breach of the duty of fair representation against defendant Union. Opp'n at
15 3:10-11. In support of this assertion, plaintiffs cite *Rutledge v. Boston*, 576 F.2d 248 (9th Cir. 1978).
16 While *Rutledge* indeed offers the applicable standard for tolling in cases of fraudulent concealment,
17 plaintiffs' pleadings have fallen woefully short of that standard. *Rutledge* requires that a claim for
18 fraudulent concealment allege that the plaintiff was actually misled, that the plaintiff had neither
19 actual nor constructive knowledge of the facts constituting her claim for relief, and that the plaintiff
20 exercised due diligence in trying to uncover them. *Id*. at 250-251. *Rutledge* furthermore requires
21 that a plaintiff allege "affirmative conduct" which would lead a reasonable person to believe that she
22 did not have a cause of action. *Id*. at 251. Here, plaintiffs' only fact offered in support of the
23 Union's alleged fraudulent misrepresentation the union's alleged statement that there was "nothing
24 they could do" in response to plaintiffs' complaint. FAC ¶ 35. Plaintiffs otherwise offer conclusory
25 statements of fraudulent concealment and lack of actual or constructive knowledge of the facts
26 giving rise to their cause of action. Opp'n at 3:8-10.

27
28

Accordingly, plaintiffs have failed to meet the requirements of *Rutledge*. Equitable tolling is therefore not appropriate in this case and plaintiffs' section 301 claims against defendant Norcal and their claim against the Union for breach of the duty of fair representation are barred by the statute of limitations. Plaintiffs have therefore failed to state a claim for which relief can be granted pursuant to Rule 12(b)(6). Plaintiffs have had an opportunity to amend and the defect appears to be incurable. Plaintiffs' claims must therefore be dismissed with prejudice.

## III.  ORDER

For the forgoing reasons, defendants' motions to dismiss are granted as to all causes of action without leave to amend.

DATED:      3/7/06                             /s/ Ronald M. Whyte
                                               RONALD M. WHYTE
                                               United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Lyle W. Johnson          lylewjohnson@sbcglobal.net
Jeffrey E. Elliott

**Counsel for Defendants:**

Zach Hutton              zhutton@cdhklaw.com
Stephen J. Hirschfeld
Duane B. Beeson          dbeeson@beesontayer.com
Lisa W. Pau              lpau@beesontayer.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      3/7/2006                        /s/ JH
                                        **Chambers of Judge Whyte**